UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA DIANE WILLIAMS, | ) NO. CV 21-4353-JLS(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| Warden, | ) |
| Respondent. | ) |

**PROCEEDINGS**

Petitioner, a state prisoner, filed a petition for writ of habeas corpus on May 24, 2021.[1] The Petition alleges five grounds for relief: (1) the sentencing court allegedly imposed an illegal firearm enhancement; (2) Petitioner allegedly is entitled to the "retroactive benefit" of Senate

---

[1] The Petition is on a California Judicial Council form and the face page identifies the "court" as the "Court of Appeals." Nevertheless, the Court construes the Petition as a federal habeas corpus petition filed pursuant to 28 U.S.C. section 2254.

Bill 620; (3) Petitioner's trial counsel allegedly rendered ineffective assistance in various ways; (4) the trial court allegedly erred by allowing a particular juror to remain on the jury; and (5) the trial court allegedly erred by excluding testimony that another person admitted committing the crimes and discharging the firearm.

On July 26, 2021, Respondent filed a "Motion to Dismiss the Petition, etc." ("Motion to Dismiss"), contending that the Petition is successive, untimely and unexhausted. On August 23, 2021, Petitioner filed an untitled document, which the Court construes as Petitioner's Reply.

**BACKGROUND**

In 2001, a jury found Petitioner guilty of: (1) three counts of attempted voluntary manslaughter in violation of California Penal Code sections 192(a) and 664(a); (2) three counts of assault with a firearm within the meaning of California Penal Code section 245(a)(2); and (3) three counts of discharging a firearm at another person from a motor vehicle in violation of California Penal Code section 12034(c) (see Petition, p. 2; "Report and Recommendation, etc.," filed August 22, 2012 in Williams v. Dobson-Davis, United States District Court for the Central District of California case number ED CV 12-135-JST(E), at pp. 2-3;[2] see also Respondent's Lodgment 1, p. 10; People v. Williams, 2006 WL 2280187, at *5 (Cal. App. Aug. 9, 2006)). The

---

[2]  The Court takes judicial notice of the documents filed in Williams v. Dobson-Davis, ED CV 12-135-JST(E). See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (federal court may take judicial notice of court records).

jury also found true the allegations that: (1) on all counts, Petitioner personally used a firearm within the meaning of California Penal Code sections 12022.5(a)(1) and 12022.53(b); (2) on the attempted manslaughter counts, Petitioner personally and intentionally discharged a firearm within the meaning of California Penal Code section 12022.53(c); (3) on two of the attempted manslaughter counts and two of the assault counts, Petitioner personally inflicted great bodily injury within the meaning of California Penal Code section 12022.7(a); and (4) on two of the discharging counts, Petitioner personally and intentionally discharged a firearm causing great bodily injury within the meaning of California Penal Code section 12022.53(d) (see "Report and Recommendation, etc.," filed August 22, 2012, in Williams v. Dobson-Davis, ED CV 12-135-JST(E), pp. 2-3; see also Respondent's Lodgment 1, p. 11; People v. Williams, 2006 WL 2280187, at *5).  On February 3, 2005, Petitioner received a sentence of 61 years and 8 months to life (Petition, p. 2; Respondent's Lodgment 1, p. 11); People v. Williams, 2006 WL 2280187, at *6).

On August 9, 2006, the Court of Appeal struck all enhancements imposed pursuant to California Penal Code sections 12022.53(b), (c) and/or (e) and vacated the stay on the section 12022.5(a)(1) enhancement on one count, but otherwise affirmed (Respondent's Lodgment 1, p. 24; People v. Williams, 2006 WL 2280187, at *12).  The Court of Appeal ordered the Superior Court to prepare an amended and corrected abstract of judgment (Respondent's Lodgment 1, p. 12; see People v. Williams, 2006 WL 2280187, at *1, 12).

On August 18, 2006, the Superior Court corrected Petitioner's sentence (see "Report and Recommendation, etc.," filed August 22, 2012, in Williams v. Dobson-Davis, ED CV 12-135-JST (E), p. 3).  The California Supreme Court denied Petitioner's petition for review on October 18,

2006, without prejudice to any relief to which Petitioner might be entitled after the United States Supreme Court decided the then-pending case of Cunningham v. California, 549 U.S. 270 (2007) (Respondent's Lodgment 2).

On January 27, 2012, Petitioner filed a habeas corpus petition in this Court. See Williams v. Dobson-Davis, ED CV 12-135-JST(E). That petition asserted multiple claims for relief, including claims that the trial court erroneously failed to dismiss a particular juror and that trial counsel allegedly rendered ineffective assistance. On August 22, 2012, the Magistrate Judge issued a Report and Recommendation recommending denial and dismissal of the petition with prejudice as untimely. On December 3, 2012, the District Judge issued an "Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge." Judgment was entered on December 4, 2012.

In 2017, California enacted Senate Bill 620 (2017 Cal. Stat. 682, eff. Jan. 1, 2018). Senate Bill 620 amended California Penal Code sections 12022.5 and 12022.53 to give discretion to the sentencing court to strike a firearm enhancement in the interest of justice. See Cal. Penal Code, §§ 12022.5(c), 12022.53(h); People v. Valles, 49 Cal. App. 5th 156, 165, 262 Cal. Rptr. 3d 674 (2020). These amendments became effective on January 1, 2018.

In 2018, California enacted Assembly Bill 1812, 2018 Cal. Stat. 1419 (eff. June 27, 2018). Among other things, this law amended California Penal Code section 1170(d)(1). This amendment now authorizes a court to recall a sentence on its own motion within 120 days of the prison commitment, or at any time on the recommendation of the Secretary of the

California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or a county correctional administrator (in the case of county jail inmates). The amendment added a provision stating that "[t]he court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice." The amendment also added a provision enumerating various postconviction factors the court could consider. See Cal. Penal Code § 1170(d)(1). This amendment became effective on June 27, 2018.[3]

---

[3] At the time Petitioner filed her motion for recall of sentence, section 1170(d)(1) (as amended) provided:

> When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, or the county correctional administrator in the case of county jail inmates, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. <u>The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.</u> Credit shall be given for time served.

(Assembly Bill 1812 added the portion of the statute underlined above. See 2018 Cal. Stat. 1419, § 17 (eff. June 27, 2018)). The statute was amended in 2020 in a manner immaterial to the issues presented here. See 2020 Cal. Stat. 29 (S.B. 118), § 14 (eff. Aug. 6, 2020).

5

In 2019, several California Courts of Appeal held that Senate Bill 620 cannot be applied retroactively to a conviction which has become final. See, e.g., People v. Fuimaono, 32 Cal. App. 5th 132, 135, 243 Cal. Rptr. 3d 545 (2019); accord People v. Johnson, 32 Cal. App. 5th 938, 941, 244 Cal. Rptr. 3d 361 (2019); People v. Hernandez, 34 Cal. App. 5th 323, 326, 246 Cal. Rptr. 3d 87 (2019).

On May 6, 2019, Petitioner filed in the Superior Court a "Petition for Recall of Sentence Pursuant to Assembly Bill 1812, Which Amended Penal Code § 1170(d)(1)" (Respondent's Lodgment 3). Petitioner argued inter alia that, under California Penal Code section 1170(d), as amended by Assembly Bill 1812, the court had discretion to recall Petitioner's sentence and to strike the firearm enhancements imposed pursuant to Penal Code section 12055.53(d) (Respondent's Lodgment 3). Petitioner conceded that Senate Bill 620 was inapplicable because Senate Bill 620 was not retroactive to cases (such as Petitioner's) that had become final prior to Senate Bill 620's effective date (Respondent's Lodgment 3). However, Petitioner argued that the language added to Penal Code 1170(d)(1) by Assembly Bill 1812 purportedly authorized the court to recall Petitioner's sentence and strike the section 12022.53(d) firearm enhancements (Respondent's Lodgment 3).

At a hearing on January 3, 2020, the prosecutor argued that the court lacked jurisdiction because, under section 1170(d)(1), "the court has authority to recall the sentence either within 120 days after her sentence, which doesn't apply here, upon recommendation of the Department of Corrections Board of Parole [sic], which we don't have here, or upon recommendation of the District Attorney's office, which we also don't have here" (Respondent's

6

Lodgment 4, p. 9). Petitioner's counsel did not dispute that the court lacked authority to recall the sentence on its own motion (because more than 120 days had passed since Petitioner's sentencing). Petitioner's counsel also did not dispute the lack of any recommendation by the Secretary of the California Department of Corrections and Rehabilitation or the Board of Parole Hearings. Rather, Petitioner's counsel argued that correctional authorities had "delegated" their authority to make a section 1170(d)(1) recommendation to the prisoners themselves, including Petitioner (id. at pp. 12-13). The court rejected this argument, stating:

> And I'm not sure what the prison's admin is doing at the prison where Ms. Williams is incarcerated and what she's being told in terms of what she needs to do in terms of filing a petition, but clearly it would appear that whatever she's being told doesn't comply with the law under 1170, in terms of - - that it must be the prison administrator who files these petitions because they're the ones that I think would have to review the record and make a determination of whether or not this person, based on review of her record and behavior in state prison, is someone that they feel is eligible for relief.

(id. at pp. 12-13).

The court denied the motion for want of jurisdiction, reasoning that the language of section 1170(d)(1) did not authorize Petitioner's motion (id. at p. 15). See Dix v. Superior Court, 53 Cal. 3d 442, 456, 279 Cal. Rptr. 834, 807 P.2d 1063 (1991) ("By its terms, section 1170(d) empowers a trial court to recall and vacate a prison sentence after commitment, with but two

7

stated limitations. First, the power may be exercised only upon the court's own motion, or upon recommendation of the Director of Corrections . . . or the Board of [Parole Hearings] . . . . Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison."); People v. Loper, 60 Cal. 4th 1155, 1165, 184 Cal. Rptr. 3d 715, 343 P.3d 895 (2015) (section 1170(d)(1) does not "authorize[] a prisoner personally to initiate a sentence recall proceeding in the trial court," although it does "authorize[] the trial court to recall the sentence on its own motion if done within 120 days of commitment") (citation omitted; dictum).

On March 13, 2020, Petitioner, still represented by counsel, filed a habeas corpus petition in the California Court of Appeal challenging the trial court's denial of Petitioner's motion to recall her sentence (Respondent's Lodgment 5). On April 2, 2020, the Court of Appeal summarily denied the petition (Respondent's Lodgment 6). On May 27, 2020, the California Supreme Court summarily denied Petitioner's petition for review (Respondent's Lodgments 7, 9).

**DISCUSSION**

Section 2244(b) of Title 28, United States Code, requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)

8

("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as untimely constitutes a disposition on the merits and renders future petitions under § 2254 challenging the same conviction or sentence "second or successive" under § 2244(b). McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Here, Petitioner challenges the same conviction and sentence she previously challenged in this Court in Williams v. Dobson-Davis, ED CV 12-135-JST(E). Thus, Petitioner's claims in the present action challenging the imposition of a firearm enhancement, the trial court's failure to dismiss a juror, trial counsel's alleged ineffectiveness and the trial court's alleged exclusion of evidence are second or successive. None of these claims can be raised in this Court absent Ninth Circuit authorization. See id.

As indicated above, however, the present Petition also alleges that Petitioner is entitled to the "retroactive benefit" of resentencing pursuant to Senate Bill 620, which was enacted years after Petitioner's conviction and sentence became final in 2006. See People v. Covarrubias, 1 Cal. 5th 838, 935, 207 Cal. Rptr. 3d 228, 378 P.3d 615 (2016) ("For the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not

9

final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed") (citation, quotations and brackets omitted).

In Magwood v. Patterson, 561 U.S. 320 (2010) ("Magwood"), the United States Supreme Court held that a state prisoner's numerically second federal habeas petition challenging a "new judgment" imposed upon resentencing is not "second or successive" within the meaning of section 2244(b). Magwood, 561 U.S. at 333-42. In Clayton v. Biter, 868 F.3d 840 (9th Cir. 2017) ("Clayton"), the Ninth Circuit ruled that a state prisoner's numerically second federal habeas petition challenging an order denying the prisoner's petition for resentencing pursuant to California Penal Code section 1170.126 was not second or successive. Clayton, 868 F.3d at 844-45. In so ruling, the Ninth Circuit "look[ed] to state law to determine what constitutes a new or intervening judgment" for purposes of Magwood. Id. at 844. "In California, appeals may be taken only from the original conviction or from a post-judgment order 'affecting the substantial rights of the party.'" Id. (citing Cal. Penal Code section 1237). The Ninth Circuit observed that the California Supreme Court had held that the "denial of a resentencing petition under section 1170.126 is an appealable postjudgment order 'affecting the substantial rights of the party.'" Id. (citing and quoting Teal v. Superior Court, 60 Cal. 4th 595, 599-600, 179 Cal. Rptr. 3d 365, 336 P.3d 686 (2014)). On this basis, the Ninth Circuit ruled that the order denying the petition for resentencing under section 1170.126 constituted a "new judgment" under Magwood, and hence

the numerically second federal habeas petition was not second or successive. See Clayton, 868 F.3d at 844-45.[4]

In the Ninth Circuit, district courts disagree on the issue of whether a California state court's denial of a motion seeking resentencing under Senate Bill 620 effects a new judgment within the meaning of Magwood. See, e.g., Sillas v. Koenig, 2019 WL 6094980, at *3 (C.D. Cal. Oct. 23, 2019), adopted, 2019 WL 6053003 (C.D. Cal. Nov. 15, 2019) (yes); Aleman v. Robertson, 2019 WL 7759070, at *2 (E.D. Cal. Oct. 11, 2019), adopted, 2020 WL 430887 (E.D. Cal. Jan. 28, 2020) (no); Sheppard v. Johnson, 2019 WL 5773664, at *3 (C.D. Cal. Oct. 7, 2019), adopted, 2019 WL 5748308 (C.D. Cal. Nov. 1, 2019) (yes); Anderson v. Pfeiffer, 2019 WL 2026509, at *2 (E.D. Cal. May 8, 2019) (no). In Karafili v. Davis, 2019 WL 8219406, at *2-3 (S.D. Cal. July 11, 2019), the District Court dismissed a numerically second habeas petition, but granted a certificate of appealability on the issue of whether a challenge to a state court's denial of a petition for resentencing under Senate Bill 620 was second or successive. The Ninth Circuit affirmed the District Court's dismissal of the petition, but did so because the petitioner had waived the right to contend that the petition was not second or successive by failing to argue the issue in the petitioner's opening brief on appeal. See Karafili v. Davis, 797 Fed. App'x 327, 328 (9th Cir. 2020). Thus, the Ninth Circuit did not reach the merits of the "second or successive" issue certified by the District Court. See id.

---

[4]   Thus, in the Ninth Circuit, there can be a "new judgment" for purposes of Magwood even when the "new judgment" leaves the old judgment completely undisturbed. See Clayton, 868 F.3d at 843-44.

11

In the meantime, California Courts of Appeal have ruled that a denial of a request for resentencing under Senate Bill 620 after the conviction has become final is <u>not</u> an appealable post-judgment order. See, e.g., People v. Fuimaono, 32 Cal. App. 5th at 135 (Senate Bill 620 does not authorize resentencing after the conviction has become final, so the denial of a motion to modify a final sentence under Senate Bill 620 does not affect substantial rights and does not constitute an appealable post-judgment order; appeal dismissed); accord People v. Baltazar, 57 Cal. App. 5th 334, 342, 271 Cal. Rptr. 3d 296 (2020); People v. Hernandez, 34 Cal. App. 5th at 327. It follows that, under Clayton, because the denial of a Senate Bill 620 motion to modify a sentence is not appealable, the denial does not constitute a new judgment under Magwood.

However, Petitioner made her Senate Bill 620 argument to the Superior Court, at least nominally, through the vehicle of a motion for recall of sentence pursuant to California Penal Code section 1170(d)(1). As indicated above, the Superior Court denied Petitioner's motion for lack of jurisdiction.

Section 1170(d)(1) creates "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." Dix v. Superior Court, 53 Cal. 3d at 455 (citations omitted); see also People v. Frazier, 55 Cal. App. 5th 858, 863, 269 Cal. Rptr. 3d 806 (2020). A recommendation by one of the entities identified in the statute "is but an invitation to the court to exercise its equitable jurisdiction, [and] furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence. . . ." People v. Frazier, 55 Cal. App. 5th at 866. Under section 1170(d)(1), the trial court "loses jurisdiction to resentence

on its own motion after 120 days has elapsed." People v. Loper, 60 Cal. 4th at 1165 (citation omitted).

A state court's denial of a section 1170(d)(1) motion for lack of jurisdiction, where the motion was made more than 120 days after the defendant's prison commitment and there were no recommendations from the Secretary of Corrections or the Board of Parole Hearings, is not appealable. See People v. Chamizo, 32 Cal. App. 5th 696, 700, 243 Cal. Rptr. 3d 918 (2019); People v. Chlad, 6 Cal. App. 4th 1719, 1726, 8 Cal. Rptr. 2d 610 (1992).[5]  Therefore, under Clayton, because the jurisdictional denial of Petitioner's section 1170(d)(1) motion was not appealable, the denial did not constitute a new judgment under Magwood.  Accordingly, the present Petition is second or successive (in its entirety).

Petitioner does not allege, and the Ninth Circuit's docket does not show, that Petitioner has yet obtained the Circuit's authorization to file a second or successive petition.[6] Consequently, this Court cannot entertain the present Petition.  See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Cal., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a

---

[5]  Although an order declining to follow a recommendation of the Secretary of Corrections or Board of Parole Hearings pursuant to section 1170(d)(1) is an appealable order, see People v. Frazier, 55 Cal. App. 5th at 863, in Petitioner's case there were no such recommendations.  In dictum, the California Supreme Court has indicated that a denial of a section 1170(d)(1) motion brought by a defendant within 120 days of the defendant's prison commitment on the ground that defendant lacks standing to bring the motion is appealable.  See People v. Loper, 60 Cal. 4th at 1165-67 (suggesting that a defendant could "invite the court to exercise its power" to recall a sentence and that a court's refusal to do so would be appealable).  Here, however, Petitioner did not file her motion within 120 days of her prison commitment.

[6]  The Court takes judicial notice of the Ninth Circuit's docket, available on the PACER website at https://pacer.uscourts.gov.  See Porter v. Ollison, 620 F.3d at 954-55 n.1.  The docket does not show that any person with Petitioner's name ever has filed an application for authorization to file a second or successive habeas corpus petition.

13

petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).[7]

**ORDER**

For the foregoing reasons, the Petition is denied and dismissed without prejudice.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 24, 2021.

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

PRESENTED this 16th day of September, 2021, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] In light of this conclusion, the Court need not, and does not, reach the other issues raised in the Motion to Dismiss.

[8] To the extent Petitioner has requested leave to amend the Petition and/or an extension of time to gather additional evidence, Petitioner's request is denied. For the reasons discussed herein, amendment of the Petition and the presentation of additional evidence would be futile.

14